IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL T. BROOKS,                       Case No. 6:15-cv-00983-JR

         Plaintiff,                                      ORDER

    v.

AGATE RESOURCES, INC., dba
Trillium Community Health Plan,

         Defendant.
_____

RUSSO, Magistrate Judge:

       Pro se plaintiff Michael Brooks brings this employment discrimination action against defendant Agate Resources Inc. Plaintiff moves for reconsideration of the Court's October 16, 2017, Order ("October Order"), an interlocutory appeal, and other miscellaneous relief. For the reasons set forth below, plaintiff's motions are granted in part, and denied in part.

Page 1 – ORDER

## DISCUSSION

On June 4, 2015, plaintiff, proceeding pro se, filed a complaint in this Court alleging claims for age and disability discrimination, and whistleblower retaliation. On September 29, 2015, plaintiff provided notice that he retained Michael Vergamini as counsel. On March 17, 2017, plaintiff substituted Marianne Dugan as counsel.

On April 24, 2017, the parties' conferred regarding this lawsuit; defense counsel agreed to join plaintiff's forthcoming request to extend the then-current discovery deadline by two months, from August 31, 2017, until October 31, 2017. Additionally, the parties discussed potentially staying this lawsuit to allow for the resolution of a related matter and to permit plaintiff the opportunity to amend his complaint.

During May and June 2017, defendant's attorneys contacted Ms. Dugan numerous times to ask whether she intended to file an amended complaint or seek an extension of pretrial deadlines. Because Ms. Dugan did not respond, defendant served its Requests for Production on June 29, 2017. Ms. Dugan thereafter did not furnish any responsive documents, so that on August 15, 2017, defendant moved for sanctions and to compel production.

At some unspecified time thereafter, Ms. Dugan produced hundreds of pages of documents to defendant. In opposing defendant's Motion to Compel, Ms. Dugan acknowledged she inadvertently failed to move to extend pretrial deadlines and therefore requested a discovery extension until October 31, 2017, as she had neither served any discovery requests nor taken any depositions on plaintiff's behalf.

On August 31, 2017, the Court denied defendant's Motion to Compel as moot but imposed sanctions against Ms. Dugan as required under Fed. R. Civ. P. 37. The Court also

extended the discovery deadline until September 15, 2017, for the limited purpose of allowing defendant to depose plaintiff.

On September 13, 2017, plaintiff moved for reasonable accommodations during his forthcoming deposition (and corresponding sanctions against Ms. Dugan and defense counsel for failing to disclose his disability to the Court) and to proceed pro se. He also sought reconsideration of the Court's August 31, 2017, Order to the extent it failed to generally extend the discovery deadline. At that time, plaintiff informed the Court that he had filed a PLF complaint against Ms. Dugan based upon her failure to communicate, disclosure of privileged materials, and receipt of $1000 for depositions which never occurred.

Later that same day, the Court granted plaintiff's request to proceed pro se. The Court, in relevant part, stayed the current discovery deadline, struck the deposition scheduled for September 15, 2017, allowed plaintiff 30 days to locate substitute counsel, and indicated that a new case schedule would be set.

Thereafter, plaintiff filed five motions/declarations seeking sanctions and criminal charges against Ms. Dugan and defense counsel, as well as the ability to work in no greater than two hour increments (with extended breaks), an investigation into missing discovery documents and Ms. Dugan's disclosure of allegedly privileged materials, an order requiring defendant to return all discovery provided by Ms. Dugan, apologies from all parties, back pay, punitive damages, and the return of the full $1000 Ms. Dugan received for the express purpose of conducting depositions.[1] Plaintiff did not confer with defendant in relation to any of his filings.

In the October Order, the Court denied plaintiff's motions for a number of reasons. Notably, plaintiff failed to satisfy LR 7-1, make the requisite showing of privilege, or follow the

---

[1] Ms. Dugan returned the majority of his $1000 deposit, except those funds withheld for PACER, scanning, and other administrative fees.

procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) or Fed. R. Civ. P. 11. Order 5-7 (Oct. 16, 2017) (doc. 88). The Court also found that defendant's service of reasonable discovery requests, well in advance of the Scheduling Order's deadline, represented an appropriate response to being sued and therefore was neither indicative of bad faith nor potential criminal conduct. Id. Finally, the Court explained to plaintiff that it lacked jurisdiction to preside over issues pertaining to Ms. Dugan's alleged malpractice or plaintiff's management of his disability outside of the courthouse, or to otherwise engage in any independent investigations relating to counsels' conduct or the content or location of discovery documents. Id. at 6.

The Court nonetheless ordered Ms. Dugan, in light of her withdrawal as counsel, to return to plaintiff any remaining documents in her possession that were furnished by plaintiff to the extent she is not entitled to retain them. Id. at 7-8. In addition, the Court ordered defendant to provide plaintiff with a copy of all discovery documents produced by Ms. Dugan, in the form they were produced. Id. at 8. The Court further instructed plaintiff to work with defendant to specifically identify the privileged documents he believes were inadvertently produced and, within 30 days, file a Joint Status Report apprising the Court of the status of his efforts to retain counsel and retrieve Ms. Dugan's allegedly privileged disclosures. Id. The Court indicated it would reset pretrial deadlines after reviewing the parties' Joint Status Report and afford plaintiff reasonable extensions of time where appropriately requested.

During late October and early November 2017, plaintiff filed four additional motions. Specifically, plaintiff now moves for reconsideration of the October Order or, alternatively, for an interlocutory appeal. Plaintiff does not detail the particular issues he seeks to challenge beyond recounting what he deems to be the relevant facts and noting that the Court "misunderst[ood]" Ms. Dugan's "malicious [and] purposeful attempt to harm [him] and wreck

this case." Pl.'s Mot. Appeal 2-16 (doc. 91). As relief, plaintiff requests: (1) defendant's counsel and "any attorney or expert who received privileged and stolen records and documents in other cases" be disqualified; (2) sanctions against defense counsel and Ms. Dugan, and an order requiring them to pay his ongoing court costs; (3) "a new judge in this case, preferably one [from] outside the Oregon District"; (4) reasonable accommodations in the form of time extensions and an order authorizing plaintiff to only work in "90 to 120 minute" increments; and (5) the Court lift the Protective Order in another unspecified case plaintiff was or is litigating involving defendant, and allow plaintiff "to use that evidence in a public jury trial." Id. at 17-19.

In support of this motion, plaintiff attaches hundreds of pages of documents – which largely consist of copies of prior filings in this case, photos of plaintiff's feet, communications with counsel, and newspaper articles – all of which he moves to file under seal. Additionally, plaintiff moves for *in forma pauperis* status, presumably on interlocutory appeal (as he is already proceeding with pauper status before this Court), and an extension of time until some unspecified date in 2018 to identify the documents in defendant's possession that were produced by Ms. Dugan during discovery and potentially privileged. Pl.'s Mot. Extension Time 5 (doc. 93).

As a preliminary matter, plaintiff once again failed to certify in his Motion for Leave to Appeal that he conferred with defendant. Plaintiff's other motions merely contain boilerplate language suggesting he "conferred with [defendant] prior to [their] filing." Id. at 1; Pl.'s Mot. Seal 1 (doc. 94). Accordingly, plaintiff continues to file motions without complying with LR 7-1, despite being explicitly notified in the October Order that he must do so "in order for the Court to consider any future motion." Order 5 (Oct. 16, 2017) (doc. 88) (citing LR 7-1(a)(3) and Justice v. Rockwell Collins, Inc., 177 F.Supp.3d 1119, 1132 n. 7 (D. Or. 2015)). For this reason alone, plaintiff's request for reconsideration and/or an interlocutory appeal are denied.

Moreover, plaintiff failed to specify the rule or subsection under which he seeks reconsideration. See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir. 1993) (outlining the circumstances under which reconsideration pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) is appropriate); see also Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (denying reconsideration where the moving party "did not argue that their case falls within any of [the] exceptions"). Regardless, the two primary rules concerning reconsideration – Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) – by their express terms apply only to "final order[s]." United States v. Martin, 226 F.3d 1042, 1048 (9th Cir. 2000) (discussing Fed. R. Civ. P. 54 and 59(e)); Fed. R. Civ. P. 60(b).

Even assuming the October Order constitutes a final order, plaintiff has not identified any basis to invoke either rule. Indeed, he merely reiterates arguments, facts, and law the Court considered in ruling on his prior motions, and does not otherwise imply any highly unusual or exceptional circumstances. Compare generally Pl.'s Mot. Appeal (doc. 91), with Pl.'s Ex Parte Mot. for Relief (doc. 79); Pl.'s Mot. Protective Order (doc. 81); Pl.'s Mot. Sanctions (doc. 82); Brooks Decl. (doc. 83); Pl.'s Mot. Summ. J. (doc. 87); and Order (Oct. 16, 2017) (doc. 88); see also United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) ("[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden") (citation and internal quotations omitted). Although plaintiff clearly disagrees with counsels' conduct, as observed in the October Order, he failed to articulate any affirmative representation of misconduct or fraud upon the Court. Order 7 (Oct. 16, 2017) (doc. 88). In any event, plaintiff's contentions regarding Ms. Dugan's performance are unavailing because "a plaintiff in a civil case has no right to effective

assistance of counsel." Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam). As such, plaintiff neglected to carry his burden in establishing that reconsideration is warranted.[2]

Concerning plaintiff's request for an interlocutory appeal under 28 U.S.C. § 1292(b), he failed to demonstrate any of the requisite elements. See Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010) (if the party seeking an interlocutory appeal "does not present circumstances satisfying the statutory prerequisites for granting certification, this court cannot allow the appeal") (citation and internal quotations omitted). The three criteria established in 28 U.S.C. § 1292(b) must be satisfied before a court can issue an order certifying an interlocutory appeal: (1) "a controlling question of law" must be present; (2) there must be a "substantial ground for difference of opinion" as to the controlling question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even where all three statutory conditions are satisfied, district courts enjoy "unfettered discretion" to deny certification. Brizzee v. Fred Meyer Stores, Inc., 2008 WL 426510, *3 (D. Or. Feb. 13, 2008) (citations and internal quotations omitted).

Here, while plaintiff's motion is silent concerning the aforementioned elements, it does not initially appear that "a controlling question of law" exists. In the October Order, the Court granted plaintiff's reasonable requests, and denied the remaining relief as either improper or beyond the Court's inherent authority. This case has been pending for nearly three years; any recent delays have been largely attributable to plaintiff's penchant for lodging numerous frivolous filings and/or refusal to confer with defense counsel. As discussed both above and in the October Order, plaintiff's contentions of wrongdoing relate to his interpersonal interactions

---

[2] This is especially true given that this case is still in the discovery stage, no dispositive motions have been filed, and there have been no hearings or judgments on the merits. Defendant has also represented to the Court that it will provide reasonable deposition accommodations and work with plaintiff in resolving any discovery issues related to Ms. Dugan's prior disclosures.

Page 7 – ORDER

with counsel in a civil case and his unsupported allegations regarding the existence of a conspiracy. These simply do not represent a federal case or controversy. See Def.'s Resp. to Mot. Appeal 3-4 (doc. 95) ("[plaintiff's] primary argument seems to be that his former attorney intentionally sabotaged his case . . . [t]he discovery issues about which [he] complains, however, are routine matters left to the discretion of the District Court"). In other words, the Court does not have the authority to grant plaintiff the relief he seeks, including the ability to craft "disability accommodations" relating to how he allocates his time prosecuting this lawsuit outside of the courthouse.

Finally, plaintiff has provided no basis for recusal, a change of venue, sanctions, or disqualification of any attorney, and this Court cannot, as a matter of law, unseal documents or order a jury trial in a separate case.

## CONCLUSION

Plaintiff's Motion for Leave to Appeal (doc. 91) and corresponding Application to Proceed IFP (doc. 90) are DENIED. Plaintiff's Motion to Seal (doc. 94) is GRANTED. Plaintiff's Motion for Miscellaneous Relief and to Seal Accompanying Medical Document (doc. 99) is GRANTED as to the sealing of the corresponding doctor's letter and DENIED in all other respects. Plaintiff's Motion for an Extension of Time (doc. 93) is DENIED as moot in light of the parties' Joint Status Report.

The Court will contact the parties to set a telephone hearing to resolve the remaining discovery disputes (as set forth in the Joint Status Report) and determine pretrial deadlines for this nearly three-year-old case. The Court, however, will not entertain any argument concerning plaintiff's position that all documents produced after September 7, 2017, are privileged and/or "stolen property." The Court has already considered this argument and rejected it, and plaintiff

has been instructed that any assertions of privilege must "be raised as to each record sought to allow the court to rule with specificity." Order 6 (Oct. 16, 2017) ([doc. 88](doc. 88)) (citation and internal quotations omitted). Also, as defendant observes, plaintiff's motion to proceed pro se was granted September 13, 2017, meaning that Ms. Dugan remained counsel of record at the time the documents at issue were produced.[3]

IT IS SO ORDERED.

DATED this _20_ day of November 2017.

                                                  __/s/ Jolie A. Russo_____
                                                           Jolie A. Russo
                                           United States Magistrate Judge

---

[3] While not dispositive, the Court denotes plaintiff has other recourse should defendant subsequently seek to introduce any document furnished by Ms. Dugan that he perceives as privileged. For instance, he may assert an evidentiary objection and/or move to file that document under seal.

Page 9 – ORDER