IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL T. BROOKS,  Case No. 6:15-cv-00983-JR

    Plaintiff,  ORDER

    v.

AGATE RESOURCES, INC., dba
Trillium Community Health Plan,

    Defendant.
_____

RUSSO, Magistrate Judge:

Pro se plaintiff Michael Brooks brings this employment discrimination action against defendant Agate Resources, Inc. Plaintiff moves for appointment of pro bono counsel, judicial notice, and leave to file a sur-reply to defendant's Fed. R. Civ. P. 12 motion, as well as to proffer evidence. For the reasons set forth below, plaintiff's motion to file a sur-reply is granted and the remaining motions are denied.

Page 1 – ORDER

## DISCUSSION

The parties have been engaged in recurrent litigation following the termination of plaintiff's employment with defendant in September 2013, the most recent iteration being this lawsuit, filed in June 2015.[1] Although plaintiff initiated this action pro se, he retained Michael Vergamini as counsel in September 2015. Marianne Dugan was substituted as counsel in March 2017.

In September 2017, plaintiff moved to proceed pro se and for an extension of the discovery deadline, as neither he nor his former counsel had sought any discovery during the course of this lawsuit. The Court granted plaintiff's requests and allowed plaintiff 30 days to locate substitute counsel.

Between September and November 2017, plaintiff filed nine motions pro se, seeking, amongst other relief, sanctions and criminal charges against his former attorney and defense counsel, the ability to work in no greater than two hour increments (with extended breaks), apologies from all parties, back pay, and punitive damages. In support of his various motions, plaintiff introduced hundreds of pages of documents – consisting largely of copies of prior case filings, communications with counsel, medical records, and newspaper articles. The Court denied

---

[1] In September 2014, plaintiff filed two related federal lawsuits in this District. See generally Brooks v. State of Oregon, Case No. 6:14-cv-01412-TC; United States ex rel Brooks v. Agate Resources, Case No. 6:14-cv-01424-MC. The first involved virtually identical claims against defendant and was dismissed without prejudice (via plaintiff's stipulation) in November 2014. The second, although brought as a qui tam action under the False Claims Act, involved the same set of operative facts but substantively was premised on defendant's alleged Medicare/Medicaid fraud and violations of other federal laws. In June 2017, the Honorable Michael McShane entered judgment dismissing the False Claims Act case with prejudice and the Ninth Circuit subsequently dismissed the appeal relating to that judgment. Plaintiff has at least one other lawsuit in state court pertaining to defendant and has also filed several external complaints with other regulatory bodies. For instance, in April 2016, plaintiff lodged a complaint with the U.S. Department of Labor, alleging defendant unlawfully terminated his employment in violation of the whistleblower protection provisions of the Affordable Care Act and the Sarbanes-Oxley Act; in March 2017, the Administrative Law Judge dismissed plaintiff's complaint.

plaintiff's motions, except to the extent they sought extensions of time or to file documents under seal. See generally Order (Oct. 17, 2017) (doc. 88); Order (Nov. 20, 2017) (doc. 103). Plaintiff subsequently filed a Writ of Mandamus with the Ninth Circuit (which was summarily denied) and other motions for miscellaneous relief. In addition, defendant filed a motion for judgment on the pleadings. Order (Mar. 1, 2018) (doc. 120).

Accordingly, the Court held a status conference in February 2018. At that time, plaintiff indicated he had recently been diagnosed with another medical condition for which he was receiving treatment. The Court therefore stayed the case for 30 days and appointed pro bono counsel for the specific purpose of assisting plaintiff in responding to defendant's motion or filing an amended complaint. A further status conference was held March 2018, wherein the stay was terminated. Nevertheless, the Court informed the parties that no discovery was permitted until defendant's motion had been ruled on and an operative complaint docketed.

On May 12, 2018, plaintiff filed an amended complaint, thereby mooting defendant's initial motion for judgment on the pleadings. The amended complaint is 30 pages long and asserts twelve claims (many with enumerated sub-counts) over the course of 151 paragraphs, pursuant to a broad range of statutes (e.g., Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Affordable Care Act, the Sarbanes-Oxley Act, the False Claims Act, the Computer Fraud and Abuse Act, the Dodd-Frank Act, the Freedom of Information Act, and Or. Rev. Stat. §§ 135.733, 659A.030, 659A.040, 659A.118, 659A.136, 659A.183, 659A.199, and 659A.230).

Plaintiff's claims are premised on the following allegations: (1) he was subject to racist, ageist, and anti-Christian comments by coworkers, which were "observed by and acquiesced in by defendant's managerial staff"; (2) his requests for reasonable accommodations related to his

disability and medical leave were denied, resulting in "an exacerbation in his physical impairments"; (3) he was required to provide "weekly status reports" to his supervisor, as well as access to his medical records, after disclosing information regarding his medical conditions to co-workers; (4) he was retaliated against for opposing unlawful practices and reporting to various federal agencies "what he reasonably believed to be accounting fraud and violations of securities statutes" by defendant; (5) "defendant used a keystroke logger or private investigator to discover his login name and password," which were then used to "read [plaintiff's private] emails and documents"; and (6) "defendant executives . . . knowingly spread untrue rumors about plaintiff by stating 'facts' to fellow workers, prior to plaintiff's termination, during their 'investigation' while plaintiff was on administrative leave, and subsequent to plaintiff's termination." See generally Am. Compl. (doc. 135).

On May 29, 2018, defendant moved for judgment on the pleadings or, alternatively, to dismiss plaintiff's amended complaint, arguing failure to exhaust administrative remedies and state a plausible claim for relief, as well as untimeliness under the relevant statutes of limitations. See generally Def.'s Mot. Dismiss (doc. 137). In support of that motion, defendant sought judicial notice of judicial opinions and correspondences/orders relating to plaintiff's prior lawsuits and agency complaints. See generally Def.'s Req. for Judicial Notice (doc. 138). Plaintiff thereafter filed several additional briefs and/or discovery motions, the latter of which the Court denied with leave to renew. On July 31, 2018, plaintiff lodged a 155-page opposition (plus 159 pages of exhibits) to defendant's motion to dismiss.

On August 29, 2018, plaintiff moved for pro bono counsel. On September 4, 2018, plaintiff sought leave to file a sur-reply and proffer evidence. On September 12, 2018, plaintiff filed a request for judicial notice.

As a preliminary matter, the documents plaintiff requests the court take judicial notice of do not appear to bear on any of the claims in this lawsuit. The facts therein – i.e., plaintiff's filing of a recent U.S. Department of Labor complaint and medically documented spinal problems – arose years after the events alleged in the amended complaint transpired. See Pl.'s Req. for Judicial Notice Exs. 1-3 (doc. 173) (MRI dated August 2018 and U.S. Department of Labor letter dated September 2018). Furthermore, judicial notice is a court's recognition of the existence of a fact without the necessity of formal proof. Castillo-Villagra v. Immigration & Nat. Serv., 972 F.2d 1017, 1026 (9th Cir.1992); Fed. R. Evid. 201(b). As such, plaintiff's request for judicial notice is both misplaced and unnecessary.

For similar reasons, plaintiff's motion to proffer evidence is also unnecessary. Namely, the information set forth in that motion and plaintiff's attendant affidavits largely relates to events that took place well after plaintiff's employment was terminated in September 2013. See generally Pl.'s Mot. Proffer Evid. (docs. 163, 169); Brooks Affs. (docs. 164-68). Moreover, in evaluating defendant's motion to dismiss, the Court's review is limited to the complaint. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers").

In sum, the evidence that plaintiff seeks to introduce is immaterial to the issues presently before the Court. Evidence may become relevant, however, once defendant's pending motion to dismiss is resolved. See Cervantes v. City of San Diego, 5 F.3 1273, 1274-75 (9th Cir. 1993) (a motion to dismiss dictates "whether a plaintiff . . . is entitled to offer evidence to support the claims") (citation and internal quotations and emphasis removed); see also Fed. R. Civ. P. 12(d) ("[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to

and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). Regardless, the Court has thoroughly reviewed every docket entry in this case and is absolutely cognizant of the facts set forth in plaintiff's motions for judicial notice and to proffer evidence.

Concerning plaintiff's request for pro bono counsel, the Court denotes there is generally no right to an attorney in civil cases. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citations omitted). The Court has nonetheless repeatedly attempted to secure pro bono counsel on plaintiff's behalf, most recently culminating with a specific purpose appointment that resulted in the amended complaint. Plaintiff also previously litigated at least two federal lawsuits and is therefore generally familiar with the rules and procedures of this Court. At this stage in the proceedings, there are no exceptional circumstances that require the appointment of pro bono counsel. Nevertheless, the Court is willing to revisit this issue following a decision on defendant's Fed. R. Civ. P. 12 motion.

Regarding the remaining motion, plaintiff seeks leave to file a sur-reply "to answer some of defense counsel's false statements and factual errors" allegedly asserted for the first time in the reply brief. Pl.'s Mot. File Sur-Resp. 16 (doc. 162). Although defendant objects on the grounds that plaintiff failed to demonstrate "good cause," neither the case cited by defendant in support of this proposition – i.e., Fairbank v. Underwood, 986 F. Supp. 2d 1222 (D. Or. 2013) – nor Local Rule 7 imposes such a requirement. Def.'s Combined Resp. 2 (doc. 171). Rather, Local Rule 7(e) simply states that, "[u]nless directed by the Court, no further briefing is allowed" beyond the filing of the moving party's reply brief. Here, plaintiff has articulated a viable reason and appropriately solicited permission from the Court.

Thus, given plaintiff's pro se status, combined with the fact that facets of defendant's pending motion are potentially dispositive, the Court grants plaintiff leave to file a sur-reply. The Court nonetheless encourages plaintiff to utilize his sur-reply to focus on, and directly respond to, defendant's specific arguments concerning dismissal. Indeed, plaintiff's opposition fails to meaningfully address significant portions of defendant's motion and instead raises a litany of facts and grievances outside of the pleadings.[2] Accordingly, plaintiff's opposition, along with the exhibits attached thereto, presents information beyond the scope of the Court's consideration in evaluating whether dismissal is appropriate. See Schneider, 151 F.3d at 197 ("'new' allegations contained in the [plaintiff's] opposition . . . are irrelevant for Rule 12(b)(6) purposes").

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Appointment of Pro Bono Counsel (doc. 159), Motion to Proffer Evidence (doc. 163), and Request for Judicial Notice (doc. 173) are DENIED with leave to renew following the Court's resolution of defendant's pending motion to dismiss. Additionally, in light of the May 2018 amended complaint, defendant's January 2018 Motion for Judgment on the Pleadings (doc. 114) is DENIED as moot.

Plaintiff's Motion for Leave to File a Sur-Response (doc. 162) is GRANTED. Any sur-reply relating to defendant's pending motion to dismiss and request for judicial notice is due within thirty days of the date of this Order. Finally, the Court orders that, absent prior approval,

---

[2] For example, plaintiff's opposition (as well as other recent filings) makes representations about his current health insurer, MODA Health. Specifically, plaintiff maintains that defendant (or one of its affiliates such as Centene Corporation or Trillium Community Health Plan) is responsible for MODA Health's 2018 denials of coverage. See, e.g., Pl.'s Resp. to Mot. Dismiss 15-16, 20, 86 (doc. 151). Yet the amended complaint is silent as to both MODA Health and events that significantly post-date plaintiff's employment with defendant. See generally Am. Compl. (doc. 135).

plaintiff may not file additional or supplemental briefings/motions beyond those authorized by the federal or local rules until defendant's motion to dismiss has been ruled upon.

IT IS SO ORDERED.

DATED this <u>17th</u> day of September 2018.

<u>s/Jolie A. Russo</u>
JOLIE A. RUSSO
United States Magistrate Judge